# UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUL 29 2008

Stephan Harris, Clerk
Cheyenne

UNITED STATES OF AMERICA

V.     CRIMINAL COMPLAINT

**JERRY R. KEFFER**     CASE NUMBER: 08-M-108-D

I, Robert Leazenby, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about July 28, 2008, in Laramie County, in the District of Wyoming, the Defendant, **JERRY R. KEFFER**, using a means of interstate commerce, namely the telephone, did knowingly attempt to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which an individual could be charged with a criminal offense, to wit: the Defendant, **JERRY R. KEFFER**, contacted by telephone a person who he believed to be a 14 year old male and attempted to persuade the 14 year old male to meet with him for the purpose of engaging in sexual conduct, oral copulation, which constitutes a violation of Wyoming law, specifically W.S. § 6-2-304, commonly known as Third Degree Sexual Assault.

in violation of Title **18** United States Code, Section 2422(b).

I further state that I am a Special Agent with the Wyoming Attorney General's Office, Division of Criminal Investigation, and that this complaint is based on the following facts:

1. Your Complainant, Robert Leazenby, is a Special Agent for the Division of Criminal Investigation, hereafter referred to as DCI, and has been employed by DCI as such since August 2002.

Continued on the attached sheet and made a part hereof:   **x** Yes     No

Signature of Complainant
**ROBERT LEAZENBY**

Sworn to before me and subscribed in my presence,

**JULY 29, 2008**     at     **CHEYENNE, WYOMING**

Date     City and State

**HON. WILLIAM C. BEAMAN**
**United States Magistrate Judge**

Name & Title of Judicial Officer     Signature of Judicial Officer

## CONTINUED SWORN STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT
## JERRY R. KEFFER

2. Your Complainant has completed over 2100 hours of certified law enforcement training to include the investigation of crimes involving child exploitation. Since August 2002, your Complainant has been a part of the Wyoming Internet Crimes Against Children (ICAC) task force in Cheyenne, Wyoming. The Wyoming ICAC is a cooperative effort of members from the Wyoming Division of Criminal Investigation (DCI), the ICE Cheyenne office, and the Federal Bureau of Investigation (FBI), whose purpose is to investigate criminal violations of both federal and state child pornography and child exploitation laws. Your Complainant has participated as either lead agent or assisting agent in excess of one hundred (100) child pornography and child exploitation investigations and has been trained in the investigation of technology facilitated child exploitation and child pornography cases.

3. This sworn statment is based partly upon information your Complainant has gained from speaking to Cheyenne Police Department (CPD) Officer Mick Sekerka and partly upon knowledge gained first hand. Since this sworn statement is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, your Complainant has not included each and every fact known to him concerning this investigation. Your Complainant has set forth only the facts that he believes are necessary to establish probable cause to believe that **JERRY R. KEFFER** used the telephone in an attempt to persuade, induce, and entice an individual who he believed had not attained the age of 18 years to engage in sexual activity for which an individual could be charged with a criminal offense in violation of Title 18, United States Code, Section § 2422(b).

4.     On July 21, 2008, you Complainant spoke with Officer Mick Sekerka who had been using a Confidential Informant (CI) to purchase controlled substance(s) from **JERRY R. KEFFER**. Officer Sekerka relayed to your Complainant that during the course of a controlled purchase from **KEFFER, KEFFER** requested that the CI help **KEFFER** find a boy, approximately 14 years of age, whom **KEFFER** could engage in sexual acts with. Specifically, **KEFFER** wanted to perform oral sex on a 14 year old boy and have the boy perform anal sex on him.

5.     Your Complainant provided Officer Sekerka with an undercover telephone number for the purpose of being provided to the CI and ultimately to **KEFFER**.

6.     On July 28, 2008, the aforementioned CI provided the undercover telephone number to **KEFFER**. **KEFFER** was advised by the CI that the number belonged to a 14 year old male named "Jake" who would be willing to participate in sexual acts with another male. **KEFFER** was told by the CI to go by the name of "Tom", as "Jake" would be expecting a call from someone known to him as" Tom."

7.     On July 28, 2008, at approximately 11:15 AM, a male identifying himself as "Tom" left a voice mail message on the undercover telephone. During the message, the caller provided a call back number of 433-8697 and directions to a downstairs apartment identified by apartment number FOUR (4). The caller indicated that he hoped "Jake" would come over to his apartment "soon."

8.     On July 28, 2008, at approximately 3:51 PM, ICE Special Agent Nicole Balliett, posing as "Jake," made a recorded undercover call to 433-8697 from the undercover telephone and spoke with an individual who sounded like an adult male. During the course of the call, SA Balliett further identified "Jake" as being 14 years old. The adult male indicated that he was to perform oral

sex on "Jake" to the point of ejaculation. Arrangements were made for the adult male, believed to be **KEFFER**, and "Jake" to meet at Holiday Park in Cheyenne, near a displayed antique locomotive. The meeting time was set for 5:00 PM.

9. On July 28, 2008, beginning at approximately 4:25 PM, Agents of DCI and ICE, along with CPD Officers began surveillance of the area of Holiday Park and **KEFFER's** residence, located at 1623 E. Lincolnway, Apartment 4. At approximately 4:45 PM, **KEFFER** was observed walking from the area near his apartment towards Holiday Park. At approximately 4:53 PM, **KEFFER** was observed sitting on a grassy knoll overlooking the antique locomotive.

10. At approximately 5:00 PM, your Complainant approached **KEFFER** and identified himself as a DCI agent. Your Complainant advised **KEFFER** of his constitutional rights, per *Miranda* and conducted an interview with him. During the course of the recorded interview, **KEFFER** admitted that he had come to the park to meet "Jake," whom he believed to be 14 years old. He admitted that he had talked with "Jake" over the phone and had requested to perform oral sex on "Jake" to the point of ejaculation. He admitted that after meeting "Jake" he was going to take him back to his apartment, but was only going to give him a softdrink.

11. Your Complainant placed **KEFFER** under arrest, and along with ICE Agent Cory Dunne, transported him to the Laramie County Detention Facility. During the transport **KEFFER** made the unsolicited comment that he did solicit sex from the 14 year old boy, but that he would not have actually done anything sexual.

12. Based on the above information, your Complainant believes that probable cause exists to believe that **JERRY R. KEFFER** used the telephone, a means of interstate commerce, in an attempt to persuade, induce, and entice an individual he believed had not attained the age of 18 years

to engage in sexual activity for which an individual could be charged with a criminal offense in violation of Title 18, United States Code, Section § 2422(b).

**End of Sworn Statement**

## PENALTY SUMMARY
### Complaint

**DATE:** July 29, 2008

**DEFENDANT NAME:** JERRY R. KEFFER

**Victim:** NO

**OFFENSE AND PENALTY:**

**OFFENSE:** 18 U.S.C. § 2422(b)
(Attempting to Entice a Minor to Engage in Illegal Sexual Activity )

**PENALTY:** NLT 10 YEARS OR MORE THAN A TERM OF LIFE IMPRISONMENT
$250,000.00 FINE
NLT 5 YEARS OR MORE THAN A TERM OF LIFE SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**AGENT:** Robert Leazenby- DCI       **AUSA:** James C. Anderson

**ESTIMATED TIME OF TRIAL:**       **INTERPRETER NEEDED:**

✓ five days or less                ___ Yes
___ over five days                 ✓ No
___ other

**THE GOVERNMENT:**

✓ will

___ will not          ___ The court should not grant bond
                      because the defendant is not bondable
                      because there are detainers from other
                      jurisdictions

**SEEK DETENTION IN THIS CASE.**